Dykman, J.
This is an appeal from an order denying a motion to set aside the judgment in this action for irregularity. The defendants demurred to the *900 complaint of the plaintiff, and the demurrer was overruled, with leave to answer. Upon that decision an order was entered May 2, 1887, by the plaintiff’s attorney, overruling the demurrer, with leave to the defendants to answer in 20 days after service of notice of entry of such order, on payment of costs. Thus the case remained until April 25,1888, when the attorney for the plaintiff made an affidavit that more than 20 days ago the attorney for the defendant was served with a copy of the order overruling the demurrer herein, and that no answer had ever been received in the action; and thereupon, on the-same day, a judgment was entered against the defendants in the action forth e full amount of the plaintiff’s claim. Then the attorney for the defendants, Mr. Delavan, wrote the plaintiff’s attorney to express his surprise, and in reply received an answer in which he was told he never was the attorney of' record, and therefore the plaintiff’s attorney was not bound to serve any papers-upon him. The attorney for the defendants then made the affidavit upon which this motion was founded, in which he stated that he was the attorney for the defendants; that no order overruling the demurrer had ever been served upon him; and he had no knowledge of the same until he consulted the-records in Bichmond county, in September, 1888. Upon that affidavit, and the pleadings, and the correspondence between the attorneys, the motion was made-which resulted in the order appealed from. Bo affidavit was made or used in-opposition to the motion, and so it stood uncontradicted that Mr. Delavan was the attorney for the defendants, and had never received notice of the entry of the order overruling the demurrer. These conceded facts demonstrated the irregularity of the final judgment, and showed that the defendants had been afforded no opportunity to answer the complaint in accordance with the privilege granted by the order overruling the demurrer.
The affidavit itself upon which the final judgment was entered was not. proof of service of a copy of the order overruling the demurrer. It contained-the name of no person upon whom the service was made, but stated merely that a copy had been served upon the defendants’ attorney. That affidavit may have been based upon the claim made in one of the letters of the attorney for the plaintiff, in which he stated to Mr. Delavan that he was not the attorney for the defendants. We now know that such claim was baseless. Mr. Dclavan has been from the first the attorney for the defeiftlants, and the record discloses no other. The order appealed from should be reversed, with $10> costs and disbursements, and the motion granted, with $10 costs.